## Case No. 6,173.
### In re HARTWELL.
[1 Lowell, 536; 5 Am. Law Rev. 562.] [1]

Circuit Court, D. Massachusetts. Jan., 1871.

#### HABEAS CORPUS.

A sentence to the jail in Lenox, in the county of Berkshire, under a conviction for a crime

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 5 Am. Law Rev. 562, contains only a partial report.]

against the United States, authorizes the keeper of that jail to hold the prisoner in Pittsfield. the jail which was kept at Lenox at the time of the sentence having been lawfully removed to Pittsfield by authority of the legislature of the state.

[Cited in Ex parte Brooks, 29 Fed. 85.]
[Cited in State v. Peters, 43 Ohio St. 649, 4 N. E. 81.]

The relator [J. F. Hartwell] was convicted in the circuit court of the United States of a crime, and was sentenced on 28th June, 1870, "to pay a fine of one hundred thousand dollars, and to be imprisoned and confined in our state's jail at Lenox in the county of Berkshire in this district for the term of five years, and to stand committed till this sentence be performed." The warrant or mittimus was directed to the marshal and the keeper of the jail at Lenox, and commands the marshal to deliver the body of the petitioner to the keeper of our said jail, and the keeper to receive the petitioner into his custody in our said jail, and him there safely keep until the sentence is performed, or he is otherwise discharged in due course of law. By virtue of certain acts of the legislature of Massachusetts, the jail for the county of Berkshire, formerly situated at Lenox, has, since the sentence was passed and begun to be executed, been removed to Pittsfield in the same county, and the petitioner, together with the other prisoners, all of whom are held under authority of the state, are now confined in the new jail at Pittsfield by the respondent, who, as sheriff of the county, is keeper of its jail.

H. W. Paine and R. M. Morse, Jr., for relator, cited statute of June 30, 1834 (4 Stat. 739); joint resolution, 23 Sept., 1789 (1 Stat. 96); and the following statutes of Massachusetts: St. 1789, c. 42; St. 1813, c. 97; Rev. St. c. 143, § 1; Id., c. 144, § 30; Gen. St. c. 178, §§ 1, 2, 48, 49; Id., c. 179, § 1.

D. H. Mason, Dist. Atty., and F. W. Hurd, Asst. Dist. Atty., for the United States.

LOWELL, District Judge. The able and learned argument for the petitioner, in which all the statutes bearing upon the subject, and such decisions as seem applicable, have been carefully collected, is that the further execution of the sentence has become impossible, by the lawful discontinuance of the jail in which the petitioner was directed to be confined; that neither the sentence nor the execution thereof can now be varied, because the power of the court over the case was gone when the mittimus was served, or at latest, when the term ended at which the sentence was passed; and the authority of the marshal was exhausted when he delivered the relator to the state officer; and as a consequence of these premises, that he must now be discharged.

I am inclined to think that neither the court nor the marshal has any further control over this sentence. When the petitioner was committed to the keeper of the jail, the

marshal had fully executed his warrant, and thenceforward the respondent alone became responsible for the safe-keeping of the prisoner (Randolph v. Donaldson, 9 Cranch [13 U. S.] 76); and the court cannot perhaps now reform or change the sentence (Com. v. Weymouth, 2 Allen, 144).

The sentence is in the form long used in the circuit court. In the district court it has been usual to name the jail simply, without adding the county; as, "the jail at Dedham in said district." I do not, however, see any difference in their legal meaning. The sentence is to imprisonment in a certain jail, whether the county be named or not. Now the argument is, that a sentence to one jail cannot be executed in another. The commitment, indeed, as was well argued by the district attorney, is to the keeper of the jail. Rex v. Fell, 1 Ld. Raym. 424. The mere fact, however, that the keeper of that jail, happens to be keeper of other jails, would not of itself give him the right to keep the prisoner in any of his jails, at his discretion. The decision of this case must depend on the sentence rather than on the commitment, and the sentence was to the jail at Lenox. Has then the further execution of the sentence become impossible by the act of the legislature of Massachusetts? I think not. The law of the state· necessarily controls all matters pertaining to the care, custody, and safe-keeping of the prisoners. When the statutes of Massachusetts authorize the removal of prisoners in case of disease, contagion, or fire, as in Gen. St. c. 26, § 25, and chapter 178, §§ 48, 49, or to remove prisoners from one jail to another within the same county, as in chapter 178, § 2, it would seem that the sentence of the federal court must be construed as including that power and authority, and that it would not need an act of congress to ratify a removal of a prisoner of the United States when the occasion should arise. The state, indeed, cannot regulate the term of imprisonment directly or indirectly, as by laws for discharging poor convicts detained for fines only, or shortening terms for good behavior, and the like; but so far as the keeping is concerned, the laws of the state are to govern. It is somewhat doubtful whether a general act of congress could confer authority on a state or its officers to remove prisoners in certain contingencies. If not, there must be a special act of congress in each case, or an authority to some federal officer to act in concurrence with the authorities of the state. I suppose the sheriff, as keeper of the jail, has power, at common law, to remove prisoners to another jail, in case of fire, contagion, or other necessity. See, as to persons committed for trial, Bac. Abr. "Gaol" and "Gaoler" (C).

Another of the incidental powers conferred on the keeper of the jail and implied in the sentence is, that if the jail· is lawfully removed, he shall remove the· prisoners with it. The sentence need not recite that the keeper is to hold the prisoner at the jail in Lenox, unless and until there shall be some lawful occasion or necessity to remove him therefrom. All this is implied. I do not consider a sentence to the jail in Lenox to be different in legal intendment from one to the jail of ·the county of Berkshire, situated at Lenox. If there had been two jails in that county, a designation of one in particular would have been necessary, or at least convenient, but the legal effect would have been the same. It was not intended to point out a particular building, but a particular jail, and the argument would be equally strong for the petitioner if a new jail had been built at Lenox. The jail has been removed by the only authority that could remove it, and under statutes already passed when this sentence was pronounced. All the prisoners were lawfully removed with the jail, though the statute of Massachusetts says nothing about them. 1 Whart. 439, 445.

The prisoner must be remanded for three reasons: 1. The jail to which he was sentenced is the same in which he is now confined, though the building is different. 2. If not, and that jail has been destroyed, the keeper of the jail has a right to confine his prisoner in a substituted jail. 3. The state has a right to regulate the custody of prisoners within the state, including their removal from one jail to another, when necessary, and of this necessity the state, acting by its legislature, is the sole judge. The first point is entirely clear to my mind, and sufficient for the decision of the case. Prisoner remanded.