### *Ex parte* BROOKS.

(*Circuit Court, D. Massachusetts.* November 20, 1886.)

JAIL AND JAILER—CHARLESTOWN PRISON, MASSACHUSETTS—IMPRISONMENT OF PERSONS SENTENCED BY UNITED STATES COURTS—ST. MASS. 1884, CH. 255, § 7—REV. ST. U. S. §§ 5541, 5542.

The state prison at Concord having been in express terms designated by statute as a prison in which offenders sentenced by the United States courts, for terms of more than a year, might be imprisoned, and the removal of the prison from Concord to Charlestown having taken place under St. Mass. 1884, c. 255, section 7 of that act, making the laws relating to the Concord state prison applicable to the Charlestown prison, authorizes the judges of the United States courts to sentence offenders to imprisonment in the Charlestown

prison as a prison allowed in terms of Rev. St. U. S. §§ 5541, 5542, by the state legislature for use for the confinement of persons sentenced for periods of over one year.

Application for Writ of *Habeas Corpus.*
*D. Frank Kimball,* for petitioner.
*George M. Stearns* and *Owen A. Galvin,* for the United States.
Before COLT and NELSON, JJ.

NELSON, J. The petitioner, Wentworth A. Brooks, sets forth in his application that at the last March term of the district court for this district he pleaded guilty to an indictment charging him with the embezzlement of letters from the post-office in Boston, in which he was at the time a clerk; that thereupon he was sentenced by the court to be imprisoned at hard labor, in the state prison at Charlestown, a part of Boston, in this district, for the term of three years; that under this sentence he was taken to that prison, where he has since been confined; that the court had no authority to impose the sentence, and that his imprisonment under it is illegal; and he prays that a writ of *habeas corpus* may issue to the end that he may be discharged from his imprisonment.

By Rev. St. U. S. §§ 5541, 5542, in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, or to imprisonment and confinement at hard labor, the court, by which the sentence is passed, may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose. The only ground on which the sentence is claimed to be illegal is that the legislature of Massachusetts has never allowed the use of the state prison at Boston for the imprisonment and confinement of convicts sentenced by the courts of the United States, and therefore the court had no authority to direct the sentence to be executed in that prison. Reference to the legislation of the state in respect to the two prisons will show very clearly that this proposition cannot be sustained.

In May, 1878, the state prison, which had previously been at Charlestown, was removed and established at Concord, by the proclamation of the governor, under authority conferred on him by the statutes of the state. There can be no doubt whatever that while the prison was at Concord it was the state penitentiary, and could be used for the confinement of convicts sentenced by the United States courts, for, by Pub. St. 1882, c. 221, § 1, it was expressly enacted that "the state prison in Concord, in the county of Middlesex, shall be the general penitentiary and prison of the commonwealth for the reformation as well as punishment of offenders; in which shall be securely confined, employed in hard labor, and governed in the manner hereinafter directed, all offenders convicted before any court

of this state, or of the United States held within the district of Massachusetts, and sentenced according to law to the punishment of solitary imprisonment and confinement therein at hard labor." This act gave, in direct terms, the use of the Concord prison for the confinement of United States convicts. In 1884 the legislature passed an act for the removal of the state prison from Concord, and re-establishing it in the old prison buildings at Charlestown, then become a part of Boston by annexation, and for converting the prison at Concord into a reformatory institution for male prisoners. St. 1884, c. 255. Under this act the state prison was re-established at Charlestown, in Boston, by the proclamation of the governor, in December, 1884. This act did not declare, in express words, that the prison at Charlestown might be used for the confinement of convicts sentenced by the courts of the United States; but it contained this section:

"Sec. 7. From and after the establishment of the state prison at Boston, as aforesaid, all laws relating to the state prison at Concord, and to prisoners confined therein, shall be in full force and effect in relation to the state prison at Boston, and to prisoners confined therein."

It is argued in behalf of the prisoner that this section did not extend to the prison at Boston the law which permitted the confinement of United States convicts in the prison at Concord, but only such laws as related to the management of the prison, and the discipline and employment of prisoners confined in it. But no reason that is even plausible is suggested for any such limited construction of this section. The words, "all laws relating to the state prison at Concord, and to prisoners confined therein," are certainly broad enough to include the provision in relation to United States convicts. It is impossible to infer from this language that the legislature intended by it to prohibit the use for this purpose of the principal penitentiary of the state. This view is made still clearer, if possible, by section 23, which allows the use for the same purpose of the new reformatory established by the act. The manifest intent of the legislature was to have the new prison take the place of the old one in all respects, including the class of prisoners to be confined there; and to effect this purpose, instead of re-enacting in detail all the laws relating to the old prison, it made them all, by one sweeping clause, applicable to the new one. This must be held to include the provision as to United States convicts.

If, however, the petitioner's contention could be supported, it would by no means follow that his imprisonment would be illegal, so long as the state permits him to be detained in its penitentiary under the sentence. *Ex parte Karstendick*, 93 U. S. 396; *Ex parte Geary*, 2 Biss. 485. See, also, *In re Hartwell*, 1 Low. 536; *In re Wilson*, 18 Fed. Rep. 33; *In re Depuy*, 10 Int. Rev. Rec. 34. But I prefer to rest my decision on the construction I have given to section 7, that by it the consent of the legislature has been expressly given to the

use of the penitentiary as a place of confinement for United States convicts.

My own opinion is that the petitioner's application should be denied.

COLT, J., concurs.   Petition denied.