PHINNEY, *Petitioner for a writ of Habeas Corpus.*

To justify the discharge, upon *Habeas Corpus*, of a respondent, imprisoned by a justice's mittimus to enforce the payment of a fine for unlawfully selling spirituous liquors, it is not sufficient that the mittimus fails to state the name of the purchaser, or the quantity sold, or the time and place of the sale; or that there was a prosecutor; *provided*, the mittimus shows the offence to be one for which the justice has jurisdiction to impose a fine.

Neither, to justify such a discharge, is it sufficient that the justice erroneously ordered the fine to be paid to *the State.*

THIS was an application for a writ of *Habeas Corpus*, to bring Phinney into court, because illegally imprisoned in the public jail.

He was held in custody, by virtue of a warrant of commitment, issued by a justice of the peace.

The matters recited in the mittimus were, that said Phinney had been found guilty, by said justice, of violating the provisions of the statute relative to the sale of intoxicating liquors, and had been ordered by the said justice to pay a fine of ten dollars to the State and costs of prosecution.

*A. B. Holden,* for the petitioner.

The mittimus was insufficient, because —

1st. It did not show that the process was originated upon the *complaint* of any person.

2d. It did not recite the time when, the place where, the person to whom, or the quantity in which, the intoxicating drinks were sold.

3d. The fine imposed, was illegal, because it was ordered to be paid to the *State*, whereas the stat. (chap. 202, sec. 6,) declares, that one half of the fine, so recovered, shall enure to the prosecutor, or complainant, and the other half to the town where the offence is committed. *Commonwealth* v. *Ward*, 4 Mass. 497 ; *Bridge* v. *Ford*, 4 Mass. 641 ; *Ex parte Watkins*, 3 Peters, 193.

SHEPLEY, C. J., orally. —

1. It is objected that the mittimus does not show that there was a prosecutor, or who was the purchaser of the liquor, or when or where, or in what quantity it was sold. In support of the objection, the petitioner's counsel has cited 4 Mass. 497 and 641. The former case has no applicability, because the offence there charged was one of which the magistrate had jurisdiction, not to render a final judgment, but merely to bind over. In the latter case, the recognizance did not present enough to show that the justice had any jurisdiction whatever. But in this petitioner's case, it is shown that the offence, of which he was convicted, was within the justice's jurisdiction.

2. The sentence was, that the petitioner pay a fine to the State. This was erroneous, still the judgment is valid until reversed. If it were here upon a *certiorari*, the erroneous part might be reversed, leaving the penalty unappropriated. But the petitioner is not injured by the misappropriation. On paying the fine and cost, he would be discharged. That is enough for him. *State* v. *Stinson*, 17 Maine, 154 ; *Ricker*, *petitioner*, 31 Maine, 37.

The petitioner, if present on *Habeas Corpus*, could not be discharged. *Petition withdrawn.*