June Term,
1860.

PEGLOW
v.
STATE.

12  534
74  451

---

## PEGLOW VS. THE STATE.

This Court cannot take notice of proceedings had upon the trial of a criminal action, although the minutes of them, as taken by the clerk or judge, are returned by the clerk as a part of the record.   They must be embraced in a bill of exceptions in order to become a part of the record or be entitled to notice.

A statement in the record in these words, "Prisoner in court, and sentenced by the court as follows: That the said F—— P—— be sentenced to state's prison" &c., purports to be merely a recital or memorandum by the clerk, and cannot be regarded as the record of a judgment of a court.

If a sentence of imprisonment in the state prison omits to direct that the convict be punished by confinement at hard labor, it is erroneous.

In such a case this court remits the record to the court below, with a direction that it proceed to give judgment upon the conviction according to law,

ERROR to the Circuit Court for *Manitowoc* County. Indictment against *Peglow* and one Franz, for murder.  Plea, not guilty.   They had separate trials, and the former was found guilty of murder.   There was no bill of exceptions signed or filed.   The record entry as to the judgment or sen-tence pronounced, appears in the opinion of the court.

*E. Fox Cook*, for plaintiff in error.

*J. H. Howe*, Attorney General, for the state.

October 15.     *By the Court*, DIXON, C. J.   The facts disclosed by the record in this case, bring it directly within the principles re-cognized and established by this court in the case of *Bene-dict vs. The State*, decided at the present term.   No bill of exceptions was made, signed, or filed, and consequently we

can take no notice of any of the proceedings which were had after the arraignment and plea, and before verdict, although the minutes of them taken by the clerk or the presiding judge have been returned as a part of the record. There exists no valid objection either to the form or substance of the indictment, plea and verdict, and the sufficiency of the judgment or sentence which was supposed to have been pronounced, alone remains for our consideration. This is open to the same criticism as that in Benedict's case. In form it more nearly resembles that in which judgments are usually awarded, than the one which was given in his case, but nevertheless it is in this respect defective. It does not purport to be the act and adjudication of the court, but the memorandum or recital of the clerk of what had taken place. It should appear to be the order and judgment of the court itself, and not the sketch or narrative of the clerk. After the title of the action and the day of the month, it is as follows: "Prisoner in court, and sentenced by the court as follows, to-wit: that the said *Ferdinand Peglow* be sentenced to state's prison, at Waupun, for the term of his natural life, and that ten days of each year be passed in solitary imprisonment." Here the court does not consider, order and adjudge, that the defendant, the said *Ferdinand Peglow*, be punished by confinement at hard labor in the state prison, for the term of his natural life, and that he be solitarily imprisoned for the period of ten days in each and every year of his said confinement, but the clerk merely says that the prisoner was "sentenced" so and so. "It is the saying of the clerk, and not the consideration of the court." See *Wheeler vs. Scott*, 3 Wis., 362.

The supposed sentence is likewise fatally deficient in not directing the convict to be confined *at hard labor*. This essential part of every sentence, where the punishment of imprisonment in the state prison is awarded, is altogether omitted. See section 5, chap. 150, Revised Statutes, 1849, same as section 5, chap. 181, Revised Statutes, 1858.

The judgment which the law authorizes and requires, has never been pronounced, and the case stands as if no attempt to do so had ever been made.

The circuit court is, therefore, directed to proceed to give

judgment in this case, in accordance with the requirements of the law. Let the record be remitted to the court below, with directions to that effect.

The plaintiff in error, being illegally confined in the state prison, should be delivered into the custody of the sheriff of the proper county, who will retain him until the proper sentence be awarded.