## PEGALOW VS. THE STATE.

*Sentence on Criminal—by whom pronounced.*

A judge of the circuit court may pronounce sentence upon a prisoner convicted before his predecessor in office.

ERROR to the Circuit Court for *Manitowoc* County.

*E. Fox Cook*, for plaintiff in error, cited 1 Chitty's Cr. Law, pp. 696, 699, 701, 704; 2 Hale's P. C., 404–5.

*The Attorney General*, for the state.

COLE, J. When this case was before the court at a former time (see 12 Wis., 534), we held that the record did not show any judgment, and the cause was therefore remanded to the circuit court with directions to proceed and render judgment upon the verdict. This has been done. In the mean time the circuit judge before whom the plaintiff in error was tried and convicted, has gone out of office, and has been succeeded by the present judge, who has pronounced judgment upon the verdict in conformity to the directions of this court. And the only question now arising upon the record, which we deem of sufficient importance to notice, is, whether the circuit judge had power to pass sentence upon a prisoner convicted before his predecessor in office. We think the circuit judge had this power. Says Chitty: "The King's Bench, being the supreme court of criminal jurisdiction, may give judgment in every case, whether the indictment was originally taken there, or removed by *certiorari* from any inferior tribunal." 1 Chitty's Crim. Law, p. 698. Hale says: "If A. be indicted for felony before justices of the peace, oyer and terminer, or gaol delivery, and be convict by verdict or confession, if the record of conviction be removed into the King's Bench by *certiorari*, and the prisoner also be removed thither by *habeas corpus*, that court may give judgment upon that conviction, but there must be first a filing of the record in the King's Bench, and a commitment of the prisoner to the custody of the marshal, and he must be called

to say what he can, why judgment should not be given against him, and thereupon judgment may be given." 2 Pleas of the Crown, p. 401.

C. J. STOW remarks, in *Putnam v. Sweet*, 1 Chand., 286, 335, that our circuit courts, made by the constitution superior courts of record, are vested with the united powers of the English King's Bench, Common Pleas, Exchequer and Chancery; and this being so, the judges thereof undoubtedly have power to pass sentence upon a prisoner convicted before their predecessors in office. See section 3, chap. 119, R. S.

It is proper to add that the plaintiff in error was convicted of murder in the first degree, and the statute fixes the penalty for that crime, leaving nothing to the discretion of the court. Where a discretion was given, there might be some reason for saying that the judge who pronounced the sentence should be acquainted with the circumstances of the case as disclosed at the trial, in order to award the proper degree of punishment. But no such reason can apply here.

*By the Court.*—The judgment of the circuit court is affirmed.