DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JULY TERM, 1882.

---

### EX PARTE THOMAS RYAN.

HABEAS CORPUS—VALIDITY OF SENTENCE—WHEN IMMATERIAL.—If a prisoner is held under a legal and valid commitment, the illegality of other commitments need not be considered until his term of service under the valid commitment has expired.

APPLICATION for habeas corpus.

The facts are stated in the opinion.

By HAWLEY, J.:

In March, 1872, in the district court of Ormsby county, petitioner was sentenced to the state prison for nine years for the crime of prison-breaking. He alleges that this sentence was imposed by the court without his having been "proceeded against by presentment or indictment of a grand jury," and claims that for this reason he is illegally detained in custody, and is entitled to be discharged upon habeas corpus.

Petitioner is mistaken with reference to the facts. Upon an examination of the records of the district court it appears that on the ninth day of November, 1871, petitioner was

indicted by the grand jury of Ormsby county for the crime of prison-breaking, and that on the seventh day of March, 1872, he interposed a plea of "guilty," and thereafter received the sentence of nine years. It is, therefore, unnecessary to determine whether, if the facts alleged in his petition were true, he would be allowed to question the validity of this sentence in this proceeding.

He also claims that the sentence of nine years imposed upon him by the district court of Washoe county, at the June term, 1871, for the crime of burglary, is void. This question was presented to the supreme court of this state at the July term, 1875, and it was then decided that, even admitting for the sake of the argument that his conviction was illegal, "the petitioner may still be held for a term of sixteen years from August, 1869, less such credits as may be allowed him under the statute for his good conduct," and that "at the expiration of that time he will be in a position to require a decision of the point," whether in a proceeding by habeas corpus the conviction could be declared invalid. (*Ex parte Ryan*, 10 Nev. 262.) That time has not yet expired.

The writ is denied.