## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. ROSELLE GRAVES, APPELLANT.

*Court of Sessions — power of, to suspend sentence during good behavior — it may impose the sentence upon the re-arrest of the defendant.*

On December 30, 1879, the defendant, who had been indicted in the Court of Sessions of Onondaga county for an assault with a deadly weapon, withdrew a former plea of not guilty and entered one of guilty. The court then suspended sentence during the defendant's good behavior and he was allowed to leave the court. On November 23, 1881, he was indicted for rape. On February 21, 1883, he was arrested and taken before the same court, over which another judge then presided, and sentence being moved for upon the indictment found against him in 1879, he was sentenced to the penitentiary for two years and six months.

*Held,* that the court had power to impose this sentence, and that an application for his discharge upon a *habeas corpus* was properly denied.

APPEAL by the defendant from an order made by Mr. Justice VANN, refusing to discharge him from imprisonment, and remanding him to the Onondaga County Penitentiary.

On the 10th day of December, 1879, in the Onondaga County Court of Sessions, the defendant was indicted for the crime of assault with a deadly weapon, and upon being arraigned on the 10th day of December, 1871, he pleaded not guilty, and on the thirtieth day of the same month, in the same term, he withdrew his plea of not guilty and entered one of guilty; the court was then presided over by Judge REIGEL, and sentence was suspended during good behavior and the prisoner was allowed to depart from the court. On the 23d day of November, 1881, he was indicted by the grand jury for the crime of rape. On the 21st day of Feb-

ruary, 1883, the prisoner having been arrested, was taken before a term of said court, at which Judge NORTHRUP, county judge, presided, and sentence was moved by the district attorney on the indictment found in 1879, and the appellant was then and there sentenced " to imprisonment in the Onondaga County Penitentiary for the period of two years and six months."

On the 20th of March, 1883, his counsel sued out a writ of *habeas corpus*, alleging the imprisonment under this sentence to be illegal, and Justice VANN dismissed the writ after hearing arguments and remanded the prisoner.

*M. Z. Haven*, for the appellant.

*H. Hoyt*, district attorney, for the respondent.

HARDIN, J.:

Upon this appeal we are called upon to inquire whether the Court of Sessions of Onondaga county, at the time the sentence was pronounced upon the defendant, had lost jurisdiction of the case or the prisoner, so that it could not legally pronounce sentence and order judgment. The prisoner had pleaded guilty to the indictment, his plea had been regularly entered and no sentence had been given by the court upon such conviction. No conditional or qualified sentence had been given, and the defendant at all times after his plea remained liable to the farther action of the court. Power remained in the Court of Sessions to give sentence. It had in no manner deprived itself of such power or jurisdiction of the subject-matter or person of the accused. Such power to pronounce sentence was properly exercised, and the judgment entered thereon is regular and binding upon the accused. It does not lie in his mouth to say that he deserved and ought to have received sentence earlier, as he did not demand it and no injury by the delay to him is shown, or inferable from the record now before us.

We regard the essential question involved in this case so firmly resolved against the appellant, by the authorities, that we do not deem it useful to open the same for fresh investigation and adjudication. (Thatcher's Criminal Cases, '269 ; *Commonwealth* v. *Dowdican's Bail*, 115 Mass., 136 ; *People* v. *Mueller* [Cook Co. C.], opinion of BONNEN, J., reported in Crim. Law Mag. [Sept. 1883],

p. 725 ; 1 Bishop on Crim. Law, § 880 ; *Weaver* v. *The State*, 11 Post [Mich.], 296 ; *Reg.* v. *Ryan*, 7 Cox's Cr. Cas., 109 ; *Pegalow* v. *The State*, 20 Wis., 61 ; 1 City Hall Rep., 4, 7, 21, 28, 41.)

The Court of Sessions properly exercised its power in the premises, and the *habeas corpus* was properly dismissed and the prisoner remanded, and we must affirm the order made.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed.

