JAMES H. O'BRIEN, Appellant, v. MARQUIS BARR, Warden, etc., Appellee.

1. **Constitutional Law:** LEGISLATIVE POWERS: DESIGNATION OF PENITENTIARY. Section 1, chapter 43, of the Acts of the Fourteenth General Assembly, and section 8, chapter 40, of the Acts of the Sixteenth General Assembly, establishing a penitentiary at Anamosa, and providing that such convicts shall be confined therein as may be designated by the executive council of the state, are not in conflict with section 1 of article 5 of the constitution of this state, vesting the judicial power of the state in a supreme and district courts.

2. ———: ———: ———. Under the above statutes the executive council may order the removal from the penitentiary at Ft. Madison to that at Anamosa of all convicts of a class described, without naming the particular convicts so to be transferred, but leaving the selection of those falling within such class to be made by the warden.

*Appeal from Jones District Court.*—HON. J. D. GIFFEN, Judge.

THURSDAY, MAY. 28, 1891.

ON September 29, 1888, the plaintiff filed his petition in *habeas corpus*, upon which a writ was granted, and to which the defendant made answer. The plaintiff demurred to the answer, and, the demurrer being overruled, elected to stand upon his demurrer, and refused to reply or plead over, whereupon the court ordered that he be remanded, and remain in the custody of defendant. The plaintiff appeals.—*Affirmed.*

*John McKean,* for appellant.

*John Y. Stone,* Attorney General, and *F. O. Ellison,* for appellee.

GIVEN, J.—It appears from the petition and answer that the plaintiff was duly sentenced by the

district court, of Wapello county at the January term, 1884, to imprisonment in the penitentiary at Ft. Madison, at hard labor, for a term of eight years, and was committed to that prison in pursuance thereof. The answer shows that he was placed in the custody of the defendant as warden of the state penitentiary at Anamosa, by virtue of an order or resolutions of the executive council of the state, copies of which are set out as follows:

"At a meeting of the executive council held on the sixteenth day of February, 1886, the following, among other, proceedings were had, to-wit: In the matter of the transfer of convicts from the Ft. Madison to the Anamosa penitentiary the order made by the council at its meeting of February 10, 1886, was modified as follows: It was ordered that the transfer be made from convicts received subsequent to February 1, 1886, and to be such as can be spared without conflicting with contracts already made, until the whole number confined in the said Ft. Madison penitentiary shall be reduced to four hundred (400), provided that number shall not exceed twenty-five.

"FRANK D. JACKSON,
"Secretary of State and Secretary of the Executive Council."

"April 9, 1886.
"To Hon. George W. Crosley, Warden of the Penitentiary at Ft. Madison:

"You take notice that at a meeting of the executive council of the state of Iowa, held on the fifth day of April, 1886, the following resolution was adopted by said council, to-wit: 'Resolved, that the warden of the penitentiary at Ft. Madison be authorized to transfer twenty convicts from said penitentiary to the penitentiary at Anamosa, the said transfer to consist of such convicts only whose removal will in the judgment of the said warden be most consistent with the interests of

the state and the proper treatment of its convicts, and with a due regard for the existing contracts for the employment of convict labor. Resolved, that all orders heretofore made by this council in relation to the transfer of convicts be, and the same are hereby, revoked and rescinded, except in so far as transfers have been actually made under such orders.'

"FRANK D. JACKSON,

"Secretary of State and Secretary of the Executive Council."

The grounds of demurrer are that said orders of the executive council are without authority of law and void, and do not mention or bind the petitioner, and that the plaintiff can only be confined in the penitentiary of the state as sentenced, and that the sentence cannot be modified or contradicted by order of the executive council.

I. By section 1, chapter 43, of the Acts of the Fourteenth General Assembly, and section 8, chapter

1. CONSTITU-
TIONAL law:
legislative
powers: de-
signation of
penitentiary.

40, of the Acts of the Sixteenth General Assembly, the penitentiary at Anamosa was established as a penitentiary of the state, "in which such convicts sentenced for life or any period of time as the executive council may designate shall be confined, employed and governed, according to the provisions of law relating to the government and discipline of the penitentiary at Ft. Madison." It is contended that this authority is in derogation of article 5, section 1, of the constitution, which provides: "The judicial power shall be vested in a supreme court, district court, and such other courts inferior to the supreme court as the general assembly may from time to time establish." Pronouncing this judgment of imprisonment was unquestionably the exercise of a judicial power. The imprisonment and its duration could alone be determined by the court. But fixing the particular penitentiary in which the petitioner

should be confined is not a part of the judgment. The effect and duration of confinement is all that was judicially determined by the judgment. The conviction was for burglary, and the punishment provided in the statute is, "He shall be punished by imprisonment in the penitentiary," and not in any particular penitentiary. The state furnishes penitentiaries, and may provide in which one convicts or classes of convicts shall be confined. This is in no sense the exercise of judicial power. If the state is concluded by a judgment that the confinement be in a particular penitentiary from providing for confinement elsewhere, then the humane provisions of our statute for confinement elsewhere in cases of insanity or pestilence are for naught in such cases. If by such a judgment the state is precluded from providing for confinement elsewhere than in the penitentiary named, then, if from fire or other casualty the prison named becomes unsuitable as a place of confinement, the convicts must be turned loose. We are in no doubt as to the authority of the state to provide for the confinement of convicts in any of its penitentiaries during the period fixed in the judgment, and that the authority to designate the convicts to be confined in the different penitentiaries is legally vested in the executive council of the state.

II. It is complained that the petitioner was not designated by name by the executive council to be

2. —: —: —. transferred to and confined in the penitentiary at Anamosa, but that it was left to the warden at Ft. Madison to select those who should be transferred under the resolution and order of the executive council. The authority is to designate. The law is silent as to how the designation shall be made. The authority being general, they may designate in whatever way will clearly point out the individual convict or class of convicts who are to be confined at Anamosa. It is under this authority that the council

have designated that all female convicts and persons convicted in certain counties of the state shall be confined at Anamosa, and those convicted in other counties at Ft. Madison. The order under which the petitioner was transferred was for the transfer of a class of convicts,—that is, twenty convicts "whose removal will in the judgment of the state warden be most consistent with the interests of the state and the proper treatment of its convicts, and with a due regard for the existing contracts for the employment of convict labor." True, this left it to the judgment of the warden as to which convicts would come under the class designated in the order; but this did not, as is contended, call upon him to exercise judicial powers, and the selection and transfer were in nowise a modification or change of the judgment which had been pronounced against the petitioner. We think there was no error in overruling the plaintiff's demurrer to the answer, and in remanding him to custody.

The judgment of the district court is AFFIRMED.