## MOREHOUSE STALKER, petitioner.

Berkshire.     September 8, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Error in Sentence — Habeas Corpus — Writ of Error.*

Where there is error in a sentence in that it did not include solitary imprisonment, the remedy is by writ of error, and not by petition for a writ of habeas corpus.

PETITION, filed May 13, 1896, for a writ of habeas corpus, to the sheriff of Berkshire and to the master of the house of correction in Pittsfield, representing that the petitioner was unlawfully restrained of his liberty in said house of correction.

The petition alleged that the petitioner was, on July 19, 1895, sentenced by a justice of the Superior Court, upon conviction upon an indictment for adultery, to be confined to hard labor in the house of correction in Pittsfield for the term of two years and six months, and on the same day was duly committed, and that the sentence was without authority of law and beyond the power of the justice to impose. The order of notice was made returnable on May 29, before *Barker*, J., who adjourned the hearing to the full court.

*G. C. Warner*, for the petitioner.

*C. L. Gardner*, District Attorney, for the Commonwealth, submitted the case on a brief.

HOLMES, J.　We assume, as contended for the petitioner, that there was error in his sentence because it did not include solitary imprisonment.　*Lane* v. *Commonwealth*, 161 Mass. 120, 122. But on a writ of error this could be corrected.　Pub. Sts. c. 187, § 13.　*Jacquins* v. *Commonwealth*, 9 Cush. 279.　*Sennott's case*, 146 Mass. 489, 494.　The case is not like *Ex parte Lange*, 18 Wall. 163, where the petitioner was liable only to fine or imprisonment, but was sentenced to both, had been imprisoned, and had paid his fine.　In that case it was held that the court had no jurisdiction to impose a new sentence of imprisonment.　See also *Feeley's case*, 12 Cush. 598, 600.　But in the case at bar the prisoner's sentence is correct as far as it goes, he has suffered nothing that is not consistent with the further penalty which he says ought to be imposed upon him, and there is nothing to hinder that being added before his term expires. It is true that, by Pub. Sts. c. 215, § 23, "in the execution of such sentence, the solitary imprisonment shall precede the punishment by hard labor, unless the court otherwise orders," but that can be met, if necessary, by an order in the amended sentence.

Manifestly, it would be an absurd result if the petitioner could get his discharge on habeas corpus when he could not get it by a regular proceeding to reverse his sentence.　But whether the sentence could be corrected or could not be, the rule which has been approved by this court denies relief by habeas corpus when the court has jurisdiction to sentence the petitioner and errs simply in regard to the extent of the punishment.　*Sennott's case*, 146 Mass. 489, 492, 493.　*Feeley's case*, 12 Cush. 598, 599.　See *Ex parte Bigelow*, 113 U. S. 328; *In re Belt*, 159 U. S. 95.

*Petition denied.*