GEORGE B. UPHAM, administrator, *vs.* NATHAN B. RAYMOND.

Suffolk.    January 16. — 23, 1882.    LORD & FIELD, JJ., absent.

The St. of 1879, *c.* 245, § 4, making a certificate of discharge in insolvency con-
clusive evidence of the fact and regularity of the discharge, unless annulled
by the court which granted it, is applicable to a certificate granted after its
passage upon proceedings begun before, although the action in which the
discharge is pleaded was begun before the passage of the statute.

CONTRACT.   Writ dated April 24, 1878, returnable at July
term 1878 of the Superior Court.   On January 5, 1880, the defend-
ant filed an answer setting up a discharge in insolvency in bar.
From the discharge it appeared that the defendant filed his peti-
tion in insolvency on December 27, 1878, and that the discharge
was granted him on July 24, 1879.   The plaintiff thereupon filed
in the Superior Court objections to the discharge in insolvency,
alleging that the discharge was not valid, and was no bar to the
action, because the defendant in the insolvency proceedings had
concealed a part of his estate prior to filing his petition in in-
solvency, and had wilfully sworn falsely in the schedule of his
property in the insolvency proceedings, in omitting to include in
the schedule, as part of his estate, a certain cylinder press.

At the trial, before *Allen*, J., without a jury, the plaintiff
offered evidence to sustain said objections.   The judge ruled
that they were not open to the plaintiff in this action; excluded
the evidence; and found for the defendant.   The plaintiff alleged
exceptions.

*H. P. Fellows*, for the plaintiff.

*I. J. Cutter*, for the defendant.

MORTON, C. J.   It was decided in *Kempton* v. *Saunders*, 130
Mass. 236, that the St. of 1879, *c.* 245, § 4, is applicable to a cer-
tificate of discharge granted after its passage upon proceedings
begun before, and is constitutional and valid; and that its effect
was to provide an exclusive method of annulling a certificate of
discharge by an application to the court which granted it, and
to prevent its validity from being impeached in any other court.
This is decisive of the case at bar.   The only difference in the
two cases is that, in the case at bar, the suit was begun be-
fore the passage of the St. of 1879; but this is immaterial.   The

statute contains no provision exempting pending cases from its operation. It provides that the certificate may be pleaded as a full and complete bar to all suits brought on debts provable against the estate of the insolvent; and is applicable to all certificates granted after its passage.     *Exceptions overruled.*