## MICHAEL CONLON'S CASE.

Suffolk.    November 26, 1888. — January 1, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Habeas Corpus — State Prison — Massachusetts Reformatory — Removals and Permits to be at Liberty — Revocation — Seal — Rearrest — Computation of Sentence — Prison Commissioners.*

Under the St. of 1884, c. 255, § 14, any prisoner in the state prison, irrespective of the time of his committal or length of sentence, may be removed to the Massachusetts reformatory, § 3 referring only to the original disposition of the prisoners when the reformatory was established.

A permit to be at liberty may be issued, under the St. of 1884, c. 255, § 33, to such a prisoner, as he has no vested rights, under the Pub. Sts. c. 222, § 20, relating to deductions from terms of imprisonment for good conduct; and such a permit need not set forth in terms that it was issued with the approval of the Governor and Council, and is revocable at any time by the issuing board, in its discretion, without cause shown.

A direction by the board of prison commissioners to their secretary, to issue an order for the removal of a prisoner, as well as for his rearrest upon the revocation of such a permit, involves no delegation of authority to the secretary; and such an order requires no seal.

A prisoner availing himself of such a permit takes it subject to the liability, in case of its revocation and his rearrest, of being held under his original sentence, subject to the provisions of the St. of 1884, c. 255, § 34, that, "in computing the period of his confinement the time between his release upon said permit and his return to the reformatory shall not be taken to be any part of the term of the sentence."

PETITION, filed March 19, 1888, for a writ of habeas corpus to the superintendent of the Massachusetts reformatory, representing that Michael Conlon, the petitioner, was unlawfully restrained of his liberty at the reformatory by such superintendent. Hearing before *Field*, J., who dismissed the petition, and reported the case for the consideration of the full court, the report, so far as material, being as follows.

The petitioner was sentenced and committed to the state prison at Concord on December 28, 1878, for a term of nine years, to expire on December 28, 1887. In December, 1884, the state prison was established at Boston and the Massachusetts reformatory at Concord, subsequent to which the petitioner was removed to the state prison at Boston, by virtue of a warrant of the Governor, issued in pursuance of the St. of 1884,

c. 255, § 4.   On January 21, 1885, application was made to the Governor and Council for the petitioner's removal from the state prison to the reformatory, which application received their consent and approval on January 28, 1885.   The petitioner was removed on January 31, 1885, to the reformatory, in pursuance of an order of the board of commissioners of prisons, which recited, among other things, that the removal was by virtue of the St. of 1884, c. 255, and that the superintendent of the reformatory was to receive and keep the petitioner until " discharged in due course of law."   This order was signed, " By order of the Board of Commissioners, W. F. Spalding, Secretary," without any seal, and bore this indorsement among others: " Shortened sentence expires July 23, 1886."

On December 8, 1885, the commissioners of prisons, in pursuance of the St. of 1884, c. 255, § 33, made application to the Governor and Council for the release of the petitioner from the reformatory, which application received their approval on December 16, 1885.   On December 23, 1885, by order of the commissioners, a permit to be at liberty during the remainder of his term of sentence was issued to the petitioner, unless the permit before the expiration of the sentence should be revoked or become void.   The permit contained no reference in terms to any approval of the Governor and Council, which approval appeared upon the application alone.   At a meeting of the commissioners of prisons held on December 20, 1887, it was voted, upon consideration of the prisoner's conduct, " that his permit be revoked, and that the secretary be directed to issue an order for his arrest and return to the reformatory."   On the same day an order for the petitioner's arrest and return to the reformatory was issued, which, after reciting the revocation of the permit and commanding the proper officers, in the name of the Commonwealth of Massachusetts, to arrest and deliver the petitioner to the superintendent of the reformatory, " to be therein detained according to the terms of his original sentence, as provided in chapter two hundred and fifty-five of the acts of the year one thousand eight hundred and eighty-four," concluded as follows : " Witness the commissioners of prisons of said Commonwealth, at Boston, this 20th day of December in the year 1887.   W. F. Spalding, Secretary."   This order had no seal.   The petitioner was arrested and

again committed to the reformatory under such order, on December 23, 1887, to serve out his unexpired sentence, which, as extended, was to expire on December 25, 1889, any right on his part to the deductions therefrom being forfeited by misconduct.

*T. H. Pearse,* for the petitioner.

*A. J. Waterman,* Attorney General, *& H. C. Bliss,* Assistant Attorney General, for the respondent.

HOLMES, J.   On December 28, 1878, the petitioner was sentenced to nine years' imprisonment in the state prison, the sentence expiring on December 28, 1887.   On January 31, 1885, under the alleged authority of St. 1884, c. 255, § 14, he was removed, with the consent of the Governor and Council, from the state prison then at Boston to the reformatory at Concord.   At that date, his sentence, as shortened for good behavior, expired on July 23, 1886.   Pub. Sts. c. 222, § 20.   On December 24, 1885, he received a permit to be at liberty, under St. 1884, c. 255, § 33, issued with the approval of the Governor and Council.   On December 20, 1887, the permit was revoked, and on December 23 the petitioner was arrested.   He now applies for a habeas corpus, on the ground that the removal, permit, and arrest were all contrary to law.

St. 1884, c. 255, § 14, purports to authorize the removal.   It applies to " any prisoner," and is not inconsistent with the exclusion of prisoners held on a sentence of five years or more in § 3, because § 3 had reference only to the disposition of the prisoners in the first instance, at the time when the state prison was removed from Concord to Boston, and the old state prison building was occupied by the reformatory.   The petitioner had been removed to Boston, and the subsequent removal of him back to Concord to the reformatory was within the words of § 14, and was not affected by § 3.

It is argued that the act of 1884 could not be applicable to the prisoner, because § 33 left the granting of permits absolutely to the discretion of the prison commissioners, and this impaired the vested right which he had under Pub. Sts. c. 222, § 20, to a deduction from the term of his imprisonment.   But even if his case was governed by the latter section, his rights were not impaired, because the prisoner had no vested rights under § 20. It is true that § 20 contains the words " shall be entitled to a

deduction," and " shall receive a written permit to be at liberty," etc. But it goes on, " The board issuing a permit as aforesaid may at any time revoke the same," and the context shows that there was no limit set upon the discretion of the board. Under the Pub. Sts., as under the St. of 1884, the petitioner's permit was subject to revocation by the board of prison commissioners without cause shown.

These considerations dispose of the main objection to the arrest. An arrest upon the revocation of a revocable release from imprisonment under a sentence, is not subject to the rules which are laid down for arrests under proceedings against persons not yet convicted. See *Kennedy's case*, 135 Mass. 48.

The prison commissioners, having revoked the permit, directed their secretary to issue an order for the petitioner's arrest, which he did. This was not a delegation of power to the secretary, but merely a direction to perform a ministerial duty. The commissioners are not a court, they have no official seal, and there is no requirement in the statutes that their warrant should be under seal. St. 1884, c. 255, § 34. The same observations apply to their previous warrant for removal. It is expressly provided that this warrant " shall be signed by the secretary of the " board. § 16.

When the permit was revoked and the petitioner was re-arrested, he was held under his original sentence by force of the statute, subject to the plain provision, which does not need interpretation, that " the time between his release upon said permit and his return to the reformatory shall not be taken to be any part of the term of the sentence." St. 1884, c. 255, § 34, and Pub. Sts. c. 222, § 21, are to the same effect, and just the opposite of the provision construed in *West's case*, 111 Mass. 443. The prisoner received his original sentence, and accepted his permit subject to this liability. See *Dolan's case*, 101 Mass. 219. The warrant simply incorporates the statute by reference.

The fact that the permit does not show on its face that it was issued with the approval of the Governor and Council gives to the petitioner no ground for complaint. It is an instrument which enlarges, not one which abridges his liberty, and is not to be governed by the same rules as a warrant for arrest. He accepted it, and took all the benefits of it without objection.

As we are of opinion that the petitioner has no case on the merits, we have not considered whether habeas corpus would be the proper remedy if his views were correct.

*Petition dismissed.*