## COMMONWEALTH *vs.* CHARLES E. BROWN.

Suffolk.    September 14, 1896. — November 11, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Sentence in Criminal Case — Constitutional Law — Obtaining Property by Fraud — False Pretences — Law and Fact — Indictment — Variance — Time — Trial — Effect of Release by Defrauded Person — Pendency of Former Indictment as Defence.*

The St. 1895, c. 469, authorizing the imposition of sentence in all criminal cases not capital, notwithstanding exceptions or appeal, is constitutional.

The St. 1895, c. 504, entitled "An Act relative to sentences to the state prison," and prescribing the establishment of a maximum and a minimum term of imprisonment in certain cases, the former to be not longer than the longest term fixed by law for the punishment of the offence, and the latter to be not less than two and one half years, is constitutional, and applies to all sentences passed after the act went into operation.

At the trial of an indictment for obtaining property by false pretences, alleging that A., induced by false representations of the defendant as to the receipts of a business then carried on by him and the length of time he had occupied his place of business, paid the defendant a certain sum for one half interest in the business, whether what the defendant received became partnership funds at once is a question for the jury.

False representations by A. that the daily and weekly receipts of a business then carried on by him at a certain shop were sums named, that he had occupied the shop in carrying on the business for a certain period, and that he had no other shop than this except one named, which induced B. to pay A. a certain sum for one half interest in the business, are sufficient to constitute false pretences.

If an indictment against A. for obtaining property by false pretences alleges that B., induced by false representations made by A. as to the amount of a business done by him in a certain shop, gave A. a check of the amount and of the value of three hundred and eighty-five dollars for one half interest in the business, and the evidence shows that ten dollars of the amount was for that sum in cash handed back by A., this does not constitute a variance which will prevent conviction.

At the trial of an indictment for obtaining property by false pretences, alleging that A., induced by false representations of the defendant as to the receipts of a business then carried on by him and the length of time he had occupied his place of business, paid the defendant a certain sum for one half interest in the business, the time of the alleged representations need not be proved as laid.

It is proper to instruct the jury, at the trial of a criminal case, that the defendant is not to be prejudiced because he has not testified.

A release of all demands, given by one who has been defrauded by the releasee, does not purge the latter's crime, but he may be indicted therefor.

The pendency of a previous indictment, the verdict upon which has been set aside on the defendant's motion and the indictment placed on file, is no defence to a subsequent indictment for the same offence.

INDICTMENT, for obtaining property by false pretences. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*R. A. Duggan*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

HOLMES, J.   The case went to the jury only on certain allegations in two counts, the second and fifth.   The allegations in the second count are of false representations to one Martin that the daily receipts of a certain business then carried on by the defendant at a certain shop "then averaged, and for some time theretofore had averaged, from twenty to twenty-five dollars," and that the defendant "had occupied said store in carrying on said business for the period of five years theretofore."   It is alleged that Martin was induced by these pretences to pay the defendant three hundred and fifty dollars for one half interest in the business.

The allegations in the fifth count are of false representations to one Day, that the amount of business done by the defendant in a certain shop in Boston "had been more than four hundred

dollars per week," and that the defendant "had no other store than said store except one" on Dudley Street in Boston. It is alleged that Day was induced by these pretences to give the defendant a check of the amount and of the value of three hundred and eighty-five dollars for a half interest in the business.

A great number of points are raised by the exceptions, many of them of a very flimsy character, and we shall confine our discussion to those for which the defendant has offered some reason in argument, or which seem to us important, and shall follow in the main the order adopted by his counsel.

The defendant was sentenced, notwithstanding his exceptions, as required by St. 1895, c. 469. It is suggested that this statute is unconstitutional. No reason is offered for the suggestion. A statute looking in the same direction has long been in force and unquestioned. Pub. Sts. c. 153, § 12. *Commonwealth* v. *Clifford*, 145 Mass. 97, 98. See *Jacquins* v. *Commonwealth*, 9 Cush. 279, 280.

The judge was right in refusing to stay the sentence or execution of the sentence, and was not called on to state his reasons for doing so.

It is suggested, again without argument, that St. 1895, c. 504, under which the defendant was sentenced, is unconstitutional. This statute requires the sentence in certain cases to be for a term of not less than two and one half years, and not more than a maximum fixed by the court, and not longer than the longest term fixed by law for the punishment of the offence. Such a sentence is in effect a sentence for the maximum fixed by the court, unless a permit to be at liberty is issued as provided by § 2. But the form of the sentence is made to recognize and carry out a policy familiar to our legislation and acted on heretofore without question. Pub. Sts. c. 222, § 20. St. 1884, c. 255, § 33. *Conlon's case*, 148 Mass. 168. Such a form of sentence does not make the punishment more severe than it otherwise would have been, and we see no reason why the law should not be construed to apply to all sentences, in the cases referred to, passed after the act goes into operation. See *Jacquins* v. *Commonwealth*, 9 Cush. 279; *Upham* v. *Raymond*, 132 Mass. 186; *Wood* v. *Westborough*, 140 Mass. 403; *Nott* v. *C. T. Sampson Manuf. Co.* 142 Mass. 479.

With regard to the substance of the offence it is argued that what the defendant received became partnership funds at once, and therefore continued to belong in part to the defrauded party. *Regina* v. *Watson*, 7 Cox C. C. 364. But this was left to the jury, with directions to acquit if they found that to be the fact, as, no doubt, much of the testimony tended to show that it was. It was possible, however, on the evidence, for the jury to find that the money was paid to the defendant as his own for an interest in the firm, and that he merely gave a personal undertaking to put a certain sum out of his own money into the business afterwards, as occasion should require. On that state of facts a conviction was warranted. This consideration disposes of the general objections to testimony on the ground that the defendant was forming a partnership, as well as of the request for a ruling that, if the prosecutors afterwards treated the partnership as existing, the defendant could not be convicted. The request, no doubt, was based on the suggestion as to the possible effect of rescinding the contract of partnership when the money was a contribution to capital, made in *Regina* v. *Watson*, 7 Cox C. C. 364, 371, but has no application to the facts which the jury must have found under the very clear instructions of the court. On these facts, it does not matter if the payment was made after the partnership was begun. The payment did not become an item in the partnership accounts for that reason, if it was not made as an advance of capital.

We may as well say, in this connection, that the representations are sufficient to constitute false pretences. *Commonwealth* v. *Blood*, 141 Mass. 571. See *Commonwealth* v. *Wood*, 142 Mass. 459, 561. It is not necessary for us to consider nicely whether the latitude allowed to sellers of chattels would apply to representations made as the inducements to enter into confidential relations with the person making them.

Next it is said that there was a variance under the fifth count, because it is alleged that Day was induced by false representations to part with a check for three hundred and eighty-five dollars, whereas it appeared by the evidence that ten dollars of the amount was for that sum in cash handed back by the defendant. But the check was delivered as alleged, and, under the instruc-

tions of the court, the representations must have been found to have given a motive without which the transaction of which the payment was part would not have been entered into. That is enough for conviction. *Commonwealth* v. *Drew*, 19 Pick. 179, 183. *People* v. *Haynes*, 14 Wend. 546, 555. *State* v. *Thatcher*, 6 Vroom, 445, 448. The time of the representations alleged in the second count did not have to be proved as laid. It would be overrefining to no useful purpose to say that, inasmuch as the representations referred as a starting point to the time when they were made, therefore the time when they were made entered into the description of the offence. The representations referred to the time of speaking, whatever it might be, but went no further, and they were not changed or enlarged by an allegation as to what the time was.

No exception was taken to the instruction that the defendant was not to be prejudiced because he had not testified, and the instruction was proper. Pub. Sts. c. 169, § 18, cl. 3. *Commonwealth* v. *Harlow*, 110 Mass. 411.

The judge was not requested to instruct the jury not to consider the evidence on the counts which were thrown out. If he had been asked to, doubtless he would have done it. No exception was taken on the matter.

The releases of all demands, etc. to the defendant from Martin, one of the defrauded parties, did not purge the crime. *Commonwealth* v. *Coe*, 115 Mass. 481, 502, 503.

A previous indictment had been found against the defendant in respect of the fraud on Day, on which a trial had been had and a verdict of guilty rendered, but the verdict had been set aside on the defendant's motion, and the indictment had been placed on file. These facts were pleaded. The pendency of this indictment is no defence. *Commonwealth* v. *Drew*, 3 Cush. 279. *Commonwealth* v. *Cody*, 165 Mass. 133. The effect of the verdict is no greater than if it had been rendered on the fifth count now before us, and the prevailing view in such a case is, that, when a verdict is set aside on the prisoner's own motion and for his benefit, he may be tried anew. *Commonwealth* v. *Green*, 17 Mass. 515, 534. *State* v. *Blaisdell*, 59 N. H. 328. *Gannon* v. *People*, 127 Ill. 507, 522. *Veatch* v. *State*, 60 Ind. 291, 295. *People* v. *Hardisson*, 61 Cal. 378. *State* v. *Stephens*,

13 S. C. 285. *Dubose* v. *State*, 13 Tex. App. 418. See *Commonwealth* v. *Sholes*, 13 Allen, 554; *People* v. *Palmer*, 109 N. Y. 413.　　　　　　　　　　　*Exceptions overruled.*