[No. 11020.  Department One.  August 30, 1913.]

FRANK PELLISSIER, *by Josephine Castleman, Appellant*, v.
C. S. REED, *as Warden of the Washington State
Penitentiary, Respondent.*[1]

CRIMINAL LAW — PUNISHMENT — SENTENCE — STATUTES — REPEAL.
Rem. & Bal. Code, § 8585, wherein no discretion is given to the court to sentence to the penitentiary male persons between the ages of sixteen and thirty, is superseded by the later act of 1909, Id., §§ 2277 and 2278, providing that the court may in its discretion sentence such criminals convicted of certain offenses, to the state reformatory.

CONSTITUTIONAL LAW — RIGHTS OF ACCUSED PERSONS — IMPRISONMENT—TRANSFERS. Rem. & Bal. Code, § 2278, giving the board of control of penal institutions the power to remove persons from one institution to another whenever the welfare of the prisoner requires, does not deprive a prisoner sentenced to the reformatory and removed by the board to the penitentiary, of any constitutional right, where he had his day in court and, in the discretion of the court, could have been sentenced to the penitentiary in the first instance.

SAME—JUDICIAL POWER—CRIMINAL LAW—SENTENCE—TRANSFER OF PERSONS. Such law does not confer judicial power on the board in control of penal institutions, since the commitment, read in the light of the statute, is in legal contemplation, a conditional sentence, until the board is satisfied that his welfare demands that he be transferred to some other institution.

CRIMINAL LAW—SENTENCE—AGE OF ACCUSED—JUDGMENT—CONCLUSIVENESS. A sentence to the state reformatory is not invalid for the reason that the accused was not sixteen years of age, where the court found that he was over the age of sixteen, and so recited in the judgment, which was not appealed from, and so became conclusive.

HABEAS CORPUS—PAROLE—VIOLATION—RECAPTURE. Violating parole subjects a prisoner to recapture; and irregularity in the war-

[1]Reported in 134 Pac. 813.

rant on which he was retaken is immaterial in habeas corpus proceedings for his release, where it appears from the answer that he was lawfully in custody.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 13, 1912, denying a writ of habeas corpus and remanding the plaintiff to the custody of the warden of the state penitentiary, after a hearing before the court. Affirmed.

*Herbert C. Bryson*, for appellant.

*The Attorney General* and *John M. Wilson, Assistant*, for respondent.

CHADWICK, J.—Appellant was charged in the superior court of Columbia county with the crime of grand larceny, and was, on the 2d day of October, 1909, upon his plea of guilty, sentenced to the Washington state reformatory, the court having found him to be over the age of 16 years.

On the 16th day of August, 1910, the board of managers of the reformatory ordered appellant and twelve others to be transferred to the state penitentiary. Appellant remained in the penitentiary until April 13th, 1912, when he was released upon a conditional parole. He was thereafter charged with the crime of burglary in the second degree, in the superior court of Franklin county. Upon his plea of guilty, he was again sentenced to the reformatory. Pending the execution of this sentence, he was seized under a warrant issued by the superintendent of the penitentiary, as one who had violated his parole, and is now held by respondent in virtue of the original order of the board of managers of the reformatory.

Soon after his reincarceration, appellant petitioned for a writ of habeas corpus, which was denied. The original sentence pronounced by the superior court of Columbia county was, as the law seems to contemplate, without qualification or reference to the future conduct of the prisoner. The real and determinative question is whether the board of managers of the reformatory could, by its order, transfer appellant to the

penitentiary. It is contended that the act of the board is illegal and void in that it involved the exercise of a judicial function. The statute under which authority was exercised is as follows:

"Whenever in their judgment, the welfare of any prisoner or prisoners confined in any penal institution shall require that any prisoner be removed from one institution to another, the board having control of such institution shall have authority to order such removal." Rem. & Bal. Code, § 2278 (P. C. 135 § 51).

In passing, it may be said that appellant relies on Rem. & Bal. Code, § 8585 (P. C. 489 § 39), wherein no discretion to sentence persons between the ages of sixteen and thirty years to the penitentiary is given to the court, and other sections of the Laws of 1907, p. 385 (Rem. & Bal. Code, § 8576 *et seq.*; P. C. 489 § 21), but this act is clearly superseded, in so far as it conflicts, by ch. 249 of the act of 1909, p. 890, particular reference being had to those sections now enumerated as Rem. & Bal. Code, §§ 2277, 2278 (P. C. 135 §§ 49, 51). Only one case that is distinctly in point has been cited. *In re Dumford,* 7 Kan. App. 89, 53 Pac. 92. The law of Kansas under which Dumford was sentenced is the same as our own. The court exercised the discretion vested in it by statute and sentenced the prisoner to the reformatory. He was thereafter removed by order of the board of managers to the state penitentiary, and upon his petition for a writ, the court held that the order of the board was void in that it had exercised a judicial function, a power which the legislature had no authority to grant it, and that the removal operated as a deprivation of a constitutional right, in that no person could be confined in the penitentiary except after indictment returned or information filed and a sentence upon a judgment rendered in a court of competent jurisdiction. We will not elaborate upon this case; reference to it will show that, in its facts and the statutes and constitutional provisions involved, it is on all fours with the instant case.

After mature consideration, the question being an open one in this state, we feel constrained to hold against the authority of the Kansas court. It is our judgment that appellant has not been deprived of any constitutional right; neither did the board of managers exercise any of the functions of our courts of record. What are the constitutional rights of a person charged with crime? He shall not be deprived of his liberty without due process of law; he shall not be compelled to give evidence against himself or be twice put in jeopardy for the same offense; excessive bail shall not be required; he shall have the right to a trial by jury; a right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to testify in his own behalf; to meet his witnesses face to face; to have compulsory process and a speedy trial by an impartial jury; the right to petition for a writ of habeas corpus is preserved in times of peace; and no conviction shall work corruption of blood or forfeiture of estate. These are the constitutional rights of an accused person as declared by the people in the Bill of Rights, art. 1, constitution of the state of Washington. Appellant was denied none of these rights. He had his day in court. He plead guilty to a felony, and but for the grace of the legislature in providing for the incarceration of young men who are first offenders in the reformatory, would have been sentenced to the penitentiary; indeed, he might then have been but for the discretion and added grace of the trial judge. It is certain that appellant had no constitutional right to dictate the place of his punishment.

The only question now material is whether the order of the board of managers can be sustained. It can, and upon this theory. The order of the court sentencing appellant to the reformatory must be read in the light of the statute. The right to sentence to the reformatory at all is statutory, and when so read, the sentence becomes a qualified or conditional sentence. The commitment is, in legal contemplation, an order to the board of managers to keep the convicted one as

a ward pending his good behavior, or until they are satisfied that his welfare demands that he be transferred to some other institution.   The exact question now before us was raised in the case of the petition of *Charles Cassidy,* 13 R. I. 143, and was rejected by the court as ill founded.   It said:

"The second ground is that the statute authorizing the removal is unconstitutional, because it confers judicial power on the Board of State Charities and Corrections and enables them even to alter the sentence of the court.   We think this ground is also untenable.   The statute was enacted before the sentence was pronounced, and the sentence must therefore be held to have been pronounced subject to its provisions.   And the power given to the board is in our opinion simply disciplinary, and not in the constitutional sense of the word judicial."

We do not want to be understood as holding, for the present at least, that a prisoner could be denied the right of showing, in an appropriate proceeding, an abuse of discretion on the part of the board; but appellant is depending upon the law and not upon the fact, and this question is not germane to our own present inquiry.

Finally, it is contended that the original sentence was void for the reason that appellant had not at that time attained the age of 16 years.   The court found him to be over the age of 16 years and so declared in its judgment.   No appeal was taken, and the finding is conclusive upon appellant and upon this court.   *In re Dumford, supra; Gutierez v. State* (Tex. Cr. App.), 47 S. W. 372; *In re Mason,* 8 Mich. 70.

Appellant was lawfully in the custody of the warden of the penitentiary, and having violated his parole, was subject to recapture.   The point is made that he could only be taken upon a warrant issued by the governor.   Rem. & Bal. Code, § 8589 (P. C. 489 § 51).   This may well be doubted.   Rem. & Bal. Code, § 2282 (P. C. 135 § 59).   In any event, it is not material.   Respondent has made return that he holds appellant under the order of the board of managers of the reform-

atory.   This, as we have concluded, is a complete answer to all the questions raised by this appeal.

Affirmed.

CROW, C. J., GOSE, PARKER, and MOUNT, JJ., concur.