JOHN F. KOZLOWSKY, petitioner.

Middlesex.    March 30, 1921. — May 27, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Criminal,* Sentence, Imprisonment, Removal of prisoner, Parole.  *Massachusetts Reformatory.  House of Correction.  Parole.  Commissioner of Correction.  Habeas Corpus.*

The provisions of St. 1918, c. 257, § 464, which by § 478 of that chapter and Sts. 1919, c. 5; 1920, c. 2, apply only to sentences imposed after February 1, 1921, did not prevent the removal on December 16, 1919, from the Massachusetts Reforma-

tory to the house of correction of a prisoner who, on June 27, 1919, began serving in the reformatory an indeterminate sentence for larceny of property of the value of more than $100.

Purporting to act under the power conferred upon him by St. 1919, c. 350, §§ 82–84, the commissioner of correction on December 16, 1919, ordered and caused the removal from the Massachusetts Reformatory to the house of correction of a prisoner who was confined in the reformatory under a sentence for an indeterminate period imposed on June 27, 1919, after a conviction for the larceny of property of the value of more than $100. On July 24, 1920, the commissioner, in accordance with a vote of the board of parole, issued to the prisoner a permit to be at liberty " during the unexpired portion of the term of his sentence, unless before its expiration this [the] permit shall be revoked or become void," and in accordance therewith he was released. On January 26, 1921, the board of parole voted that the "permit to be at liberty from the Massachusetts Reformatory which was granted to . . . [giving the correct name and prison number of the prisoner] be revoked," and a warrant was issued by the deputy commissioner of correction ordering the apprehension of the prisoner and his detention in the reformatory in accordance with his original sentence. He thereupon was apprehended and confined in the reformatory. On February 9, 1921, he sought by habeas corpus proceedings against the acting superintendent of the reformatory to obtain his release. The respondent in his return stated among other things that " Prior to revocation of said permit to be at liberty, the petitioner violated the conditions thereof, whereby said permit became void." This statement was not traversed. After hearing, the petitioner was ordered remanded to the reformatory, and the case was reported to the full court. *Held*, that

(1) The fact, that, when the petition was filed, the petitioner was confined in the place to which he originally had been sentenced and that his sentence had not expired, in the circumstances precluded him from maintaining the petition;

(2) There could be no question that the vote of the board of parole of January 26, 1921, referred to the petitioner, and the error therein, erroneously referring to him as having been permitted "to be at liberty from the . . . Reformatory," affected no substantial right of his;

(3) The untraversed allegation of the respondent that, previous to the revocation of the petitioner's permit, the petitioner had violated its conditions, was conclusive in the circumstances;

(4) The revocation of the permit could not be assumed to have been made capriciously or without cause, and it was within the authority of the board of parole;

(5) The issuance, by the deputy commissioner of correction after the revocation of the permit by the board of parole, of the warrant directing the apprehension of the petitioner and his detention in the reformatory was not basic nor jurisdictional, nor was it a judicial proceeding;

(6) The warrant of the deputy commissioner above described, while not necessary as authority for the return of the petitioner to the prison from which he had been released on parole, was sufficient as an order of transfer directing the execution of the remainder of his sentence in the reformatory, to which he originally had been sentenced;

(7) The omission of an order to return the petitioner to the house of correction before removing him to the reformatory did not infringe upon his substantial rights.

PETITION, filed on February 9, 1921, for a writ of habeas corpus directing the release of the petitioner from imprisonment in the Massachusetts Reformatory at Concord.

Upon the filing of the petition, a writ of habeas corpus directed to the acting superintendent of the reformatory was issued and the petitioner was brought before the court and, the respondent having filed an answer and return, the case was heard by *Braley*, J. Material facts found by the single justice are described in the opinion. The petitioner was remanded to the reformatory by his order and he reported the case to the full court for determination.

*C. W. Rowley*, for the petitioner.

*M. Teall*, Assistant Attorney General, for the respondent.

JENNEY, J. The petitioner, John F. Kozlowsky, who pleaded guilty to an indictment for the larceny of property of the value of more than $100, was sentenced on June 27, 1919, to imprisonment on an indeterminate sentence in the Massachusetts Reformatory. R. L. c. 220, § 28. St. 1910, c. 356, § 1. *Commonwealth* v. *Brown*, 167 Mass. 144. *Miller* v. *State*, 149 Ind. 607. *Adams* v. *Barr*, 154 Iowa, 83. *Woods* v. *State*, 130 Tenn. 100. From June 27, 1919, to December 16, 1919, he was imprisoned in the reformatory. On the latter day the commissioner of correction for the Commonwealth issued a warrant purporting to order the petitioner's removal from the reformatory to the house of correction in Cambridge to be there kept until the expiration of his sentence or until otherwise discharged. R. L. c. 225, § 83. St. 1916, c. 241, § 1. St. 1919, c. 350, §§ 82–84. G. L. c. 127, § 149. *Kenney* v. *State*, 5 R. I. 385. *People* v. *Rawson*, 61 Barb. 619. The petitioner was then transferred to said house of correction and was there imprisoned until July 24, 1920, when he was released in accordance with a vote of the board of parole. The commissioner of correction issued to him a permit to be at liberty "during the unexpired portion of the term of his sentence, unless before its expiration this [the] permit shall be revoked or become void." R. L. c. 225, § 117. St. 1916, c. 241, § 1. St. 1917, c. 245. St. 1919, c. 350, §§ 82–85. G. L. c. 127, § 128. *Fuller* v. *State*, 122 Ala. 32. *People* v. *Joyce*, 246 Ill. 124. *People* v. *Roth*, 249 Ill. 532. *State* v. *Duff*, 144 Iowa, 142. See 20 Ann. Cas. 479 note; L. R. A. 1915 F. 532 note.

On January 26, 1921, the board of parole by vote revoked the petitioner's permit to be at liberty. G. L. c. 127, § 148. On the

second day thereafter the deputy commissioner of correction issued a warrant which purported to authorize the petitioner's apprehension and his conveyance to the reformatory to be detained therein according to the term of his original sentence; and he is now imprisoned in that institution. G. L. c. 27, §§ 1, 2; c. 127, § 149.

The petitioner contends that his detention in the Massachusetts Reformatory is unauthorized, and the present proceeding is a petition for his discharge by means of a writ of habeas corpus. He also contends that his removal from the reformatory to the house of correction was an unlawful exercise of power because of St. 1918, c. 257, § 464 (now G. L. c. 279, § 23), which provides that "No sentence of a male convict to imprisonment or confinement for more than two and one half years shall be executed in any jail or house of correction. This section shall apply only to sentences hereafter imposed." But this statute was not in force when the petitioner was sentenced and hence has no application to this case. St. 1918, c. 257, § 478. St. 1919, c. 5. St. 1920, c. 2.

It is also argued that the statute authorizing removals by the commissioner of correction from the reformatory to the house of correction is unconstitutional because such removal is an exercise by the commissioner of judicial powers in that it involves the alteration of a precise sentence imposed by the court by the commitment of the petitioner to a different institution from that to which he was originally sentenced; and, in effect, that imprisonment in the house of correction was as a matter of law a more severe punishment than that authorized by the sentence of the court. As to this, see *Conlon's Case,* 148 Mass. 168; *O'Brien* v. *Barr,* 83 Iowa, 51. Even if it be assumed, but not decided nor intimated, that the statutes cited, authorizing in express terms the removal, are not to be construed as making all sentences subject to their provisions; and if it be assumed that the place of confinement was an essential and unalterable term of the sentence and hence could not be changed by either the court or commissioner and that the considered provisions therefore are unconstitutional, it does not follow that the petitioner is entitled to a release. He is now in the place to which he was originally sentenced; and his sentence has not expired. If the petitioner's contention is sound and there was no right to remove him from the reformatory, he is

there now under his original sentence and ought not to be released. *Conlon's Case, supra.* If the petitioner was wrongfully removed to and confined in the house of correction, and rightfully could be detained in the reformatory, he would not be entitled to a discharge, but should be remanded to the custody of the superintendent of the reformatory. G. L. c. 248, § 22. *Ex parte McGuire,* 135 Cal. 339. *Ex parte Ricord,* 11 Nev. 287. *Ex parte Tayloe,* 5 Cowen, 39. *In re Harris,* 68 Vt. 243. See *In re Bonner, petitioner,* 151 U. S. 242, 262.

The petitioner, while he does not complain because of his release on parole, further contends (1) that no valid order was made by the board of parole revoking his permit to be at liberty from the house of correction and hence he is now entitled to be free; (2) that the commissioner of correction cannot issue a lawful warrant for his arrest and recommittal for the reason just stated; and (3) that no proper order was made for his return because he could only be remanded to the prison from which he was released.

Although the vote of the board was that the " permit to be at liberty from the Massachusetts Reformatory which was granted to John F. Kozlowsky No. 21863 be revoked," when in fact he had been released from the house of correction, no question of identity did or can arise. The essential part of the proceeding was the revocation of the release upon parol. The error cannot avail the petitioner as it affects no substantial right.

The report states that no evidence was offered tending to show that the petitioner had violated any of the rules or regulations of the reformatory, or of the house of correction, or of any terms or conditions of his permit to be at liberty. The respondent's return upon the writ recited that " Prior to revocation of said permit to be at liberty, the petitioner violated the conditions thereof, whereby said permit became void " under G. L. c. 127, § 147. No answer was made to the return and the record nowhere states that the petitioner denied its truth in this respect. In these circumstances the allegation of the return as to the violation of the conditions of the permit is conclusive. G. L. c. 248, § 15. Report of Commissioners on Gen. Sts. c. 111, § 18, note, page 220. *Crowley v. Christensen,* 137 U. S. 86, 94. *Richards v. Collins,* 18 Stew. 283. Moreover the statute also authorizes the revocation of the permit to be at liberty at any time prior to its expiration. All the pro-

visions of the statute in this respect must be read together. The violation of terms or conditions under which a person is released ·from imprisonment renders the permit void, while it may be re-voked with or without cause shown. G. L. c. 127, §§ 147, 148. *Conlon's Case, supra. Murphy* v. *Commonwealth,* 172 Mass. 264. The revocation was properly made. It cannot be assumed that it was made capriciously or without cause; and it was within the authority of the board of parole.

The second contention is disposed of by the same reasons, but the one remaining relates to a different subject. In substance it is provided by G. L. c. 127, § 149, that if a permit has become void or has been revoked, the board of parole may order the arrest of the holder of such permit or of such prisoner on parole by any officer qualified to serve civil or criminal process and may also authorize the return of such holder or of such prisoner on parole to the prison from which he was released. See G. L. c. 27, § 2, as to the authority of a deputy commissioner.

Because of the stated provision as to the return to the prison from which the person paroled had been released, the petitioner urges that his present confinement in the reformatory instead of the house of correction was forbidden, and hence he is entitled to be released. He does not question the authority of the commis-sioner to return him from the house of correction to the reforma-tory if he was properly retaken upon the termination of his parole, but challenges his authority to order his recommitment directly to the reformatory. Upon the termination of his parole, no war-rant was necessary to justify his reconfinement in the house of cor-rection. He there would be held under the terms of his original sentence and not under the warrant for his return. While the issuance of a warrant is a matter of orderly procedure, it is not basic nor jurisdictional, nor is it a judicial proceeding. *Conlon's Case, supra. Kennedy's Case,* 135 Mass. 48, 51, 53. *Sennott's Case,* 146 Mass. 489, 495. *Ex parte Wilson,* 114 U. S. 417. *How-ard* v. *United States,* 21 C. C. A. 586. *People* v. *Baker,* 89 N. Y. 460. *Ex parte Gibson,* 31 Cal. 619. *In re Thayer,* 69 Vt. 314. *In re Rogers,* 75 Vt. 329. *State* v. *Hatfield,* 66 Wash. 9; see *S. C.* 38 L. R. A. (N. S.) 609 note. If he had been reimprisoned in the house of correction, the commissioner could at once have ordered his removal to the reformatory to be there held under his original

sentence.   G. L. c. 127, § 102.   See as to this statutory provision St. 1884, c. 255, § 12; R. L. c. 225, § 93.   Commissioners' Report (1901) on Pub. Sts. c. 225, § 95 note.   The warrant issued by the commissioner while not necessary as authority for his return to the prison from which he was released was a sufficient order of transfer directing the execution of the remainder of the petitioner's sentence in the Massachusetts Reformatory to which he had been originally sentenced.   While strictly speaking he should first have been returned to the latter place of imprisonment, he has no just cause of complaint.   Notwithstanding the terms of the report, it is clear that he is now held in the place of and under the original sentence, and the omission to return him to the house of correction before his removal to the reformatory did not infringe upon his substantial rights.   See G. L. c. 248, § 22.

The order remanding the petitioner to the custody of the acting superintendent of the Massachusetts Reformatory was correctly entered and is affirmed.

*So ordered.*