[No. 16522. *En Banc.* August 18, 1921.]

*In the Matter of the Petition of* AUTTIE CANARY *for a Writ of Habeas Corpus.*[1]

REFORMATORIES (2)—COMMITMENT—TRANSFER OF PRISONERS. A woman sentenced to commitment in the Women's Industrial Home and Clinic, on conviction of grand larceny, was transferable to the state prison by order of the board of directors of the industrial home, under the authority conferred by Laws 1919, p. 570, § 13; the determination by the board of the necessity for the transfer not being the exercise of a judicial function.

HABEAS CORPUS (8-1)—GROUNDS—CORRECTION OF ERROR. Mere error on the part of the board of directors of the Women's Industrial Home and Clinic, committed in the exercise of acknowledged power to make transfers of inmates to the state prison, is not subject to review in habeas corpus proceedings.

Application filed in the supreme court April 30, 1921, for a writ of habeas corpus to release a person held in custody in the state penitentiary, upon transfer from the women's industrial home and clinic. Denied.

*Beeler & Sullivan,* for petitioner.

*The Attorney General,* for respondent.

FULLERTON, J.—This is an original application made to this court for a writ of habeas corpus. The petitioner alleges in her petition that she entered a plea of guilty to an information filed against her in the superior court of Spokane county charging her with the

[1]Reported in 200 Pac. 307.

crime of grand larcency; that, upon her plea of guilty, she was adjudged guilty by the court, and was thereupon committed to the institution known as the women's industrial home and clinic; and that, on March 28, 1921, she was transferred by the officers of that institution to the state penitentiary, where she is now confined. As causes for granting the writ, she makes the general allegation that the transfer was without authority of law and against her will. In the argument at bar, the more specific objections were made, (1) that the directors of the institution were without power to make the transfer; and (2) that, conceding that the directors had such power, they wrongfully exercised the power.

With reference to the first objection, it is provided in the act authorizing the creation of the institution known as the women's industrial home and clinic (Laws of 1919, p. 577, ch. 186, § 13):

"The board of directors may transfer to the state prison any inmate of said institution who shall appear to said board to be incorrigible, or whose presence in said institution may be seriously detrimental to its well being."

Obviously the legislature, by this provision of the statute, attempted to confer power on the board of directors to make the transfer, and unless it is to be held that the legislature was in itself without power so to do, there is warrant for the act of the board of directors. But we see no valid objection that can be based upon this ground. The crime of which the petitioner was adjudged guilty is a felony. It is a crime long recognized as punishable in a penal institution, and it is solely for the legislature to prescribe the character of that institution. They could have provided directly for her punishment by confinement in the state prison,

and no logical or sound reason can exist why that body may not provide that a convicted person be first confined in some other institution and thereafter for stated causes be transferred thereto. The objection that to transfer is to exercise a judicial function was met and answered in the negative by us in *Pellissier v. Reed,* 75 Wash. 201, 134 Pac. 813.

As a basis for the second contention, it is claimed that the petitioner was not incorrigible and that her presence in the institution named was not detrimental to its well being. But these are questions not cognizable in this proceeding. The writ of habeas corpus is not in this state a writ of review, and mere errors on the part of a court, board or person, committed in the exercise of acknowledged powers, will not be reviewed in such a proceeding. *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042. The question was also before us in *Pellissier v. Reed, supra,* where the same conclusion was reached. As we said in that case, we again say here, that we do not wish to be understood as holding that a prisoner is denied the right of showing, in an appropriate proceeding, an abuse of discretion on the part of the board in making the transfer. All we hold is that such a question must be brought before the courts by some form of proceedings authorized to be brought for the correction of errors, and that habeas corpus is not such a proceeding.

The petition is denied.

PARKER, C. J., BRIDGES, MAIN, and MACKINTOSH, JJ., concur.