JAMES SHEEHAN, petitioner.

Suffolk. November 11, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*Practice, Criminal,* Sentence, Transfer of juvenile from industrial school to reformatory. *Constitutional Law,* Police power, Separation of departments of government, Due process of law.

Existing pertinent statutes are read into and become a part of a sentence imposed by a court in a criminal proceeding.

The definition of crimes and the establishment of penalties therefor, so far as not left to the common law, belong to the Legislature; the trial of those charged with crime and the imposition of sentences upon those convicted are a part of the functions of courts; the execution of sentences according to standing laws is an attribute of the executive department of government: this is in conformity to the sharp and strict separation of the legislative, the executive and the judicial departments of government in article 30 in our Declaration of Rights.

It is within the power of the Legislature to provide for the segregation of refractory inmates of the Industrial School for Boys by transferring them to another State institution adapted to their needs.

The Legislature in the exercise of the police power and to promote the general welfare has power to enact reasonable laws for the transfer of those confined for crime from one of its institutions to another.

A boy between the ages of fourteen and seventeen years, on his plea of guilty to a complaint charging him with breaking and entering a building and committing larceny therein, was duly committed to the Industrial School for Boys at Shirley "during his minority, or until he be discharged according to law." Later, proving refractory, he was removed by the trustees of the school to the reformatory at Concord. Upon a petition for a writ of habeas corpus, it was *held,* that

(1) The boy's crime being punishable either in the school or in the reformatory, the effect of G. L. c. 120, § 16, was to incorporate into the sentence imposed as an integral part of it the condition that, if he proved unmanageable or unfit for the mild treatment of the industrial school, he might be transferred by the proper executive officers to the reformatory;

(2) The transfer of the boy from the industrial school to the reformatory was not an infringement of the powers of the judiciary;

(3) There was no violation of due process of law;

(4) The statute G. L. c. 120, § 16, rightly interpreted, does not interfere with any constitutional right secured to the boy.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 24, 1925, for a writ of habeas corpus seeking the liberty of James Sheehan, a boy between the ages of fourteen and seventeen years, who was committed to the Industrial School for Boys at Shirley and afterwards was transferred to the Massachusetts Reformatory at Concord, as described in the opinion.

The petition was heard by *Wait*, J., who ordered it to be dismissed and, at the petitioner's request, reported the case to the full court for determination.

*S. A. Dearborn*, for the petitioner.

*A. R. Shrigley*, Assistant Attorney General, for the Commonwealth.

RUGG, C.J. This is a petition for habeas corpus brought by a minor by his next friend. The petitioner, on his plea of guilty to a complaint charging him with breaking and entering a building and committing larceny therein, was duly committed to the Industrial School for Boys at Shirley "during his minority, or until he be discharged according to law." No question is raised as to the regularity of those proceedings. G. L. c. 119, §§ 73, 76, 77. *Sylvester* v. *Commonwealth*, 253 Mass. 244.

While at the Shirley school, the petitioner, contrary to its rules and regulations, made one ineffectual attempt to escape, and actually escaped on two occasions, on each of which, during an absence of several days, he committed crimes and depredations until his apprehension and return. Thereafter he was transferred to the Massachusetts Reformatory at Concord because he had proved unmanageable and an improper person to remain at the Shirley school. This transfer was made by the Trustees of the Massachusetts Training Schools, the board having charge of the Shirley school, pursuant to the alleged authority conferred by G. L. c. 120, § 16, which is in these words: "The trustees may transfer any per-

son committed or transferred to the industrial school for boys or to the Lyman school for boys, still in the custody of said trustees, who has proved unmanageable or an improper person to remain in either of the said institutions, to the Massachusetts reformatory . . . ."

The contention of the petitioner is that such transfer constituted a change of punishment, was an attempt to infringe upon the judicial by the legislative department of government, was an interference with a sentence imposed by the court, was a delegation of judicial functions to an administrative board, and was an imposition of a greater, additional or substituted sentence for that prescribed by the court. The constitutionality of the statute, which in terms authorizes such transfer, is assailed on all these grounds.

It was said in *Opinion of the Justices*, 13 Gray, 618, that a general statute, authorizing the reduction of a sentence to imprisonment by a fixed scale based on good behavior by the prisoner during his incarceration and the consequent shortening of the term of imprisonment from that imposed by the court, was constitutional. *Murphy* v. *Commonwealth*, 172 Mass. 264, 266. A statute requiring an indeterminate sentence between a stated maximum and a fixed minimum, the precise time of release to be decided by an executive or administrative board, has been held constitutional. *Commonwealth* v. *Brown*, 167 Mass. 144, 146. G. L. c. 279, § 24. *Oliver* v. *Oliver*, 169 Mass. 592. *State* v. *Page*, 60 Kans. 664. *In re Marlow*, 46 Vroom, 400. The parole statute, authorizing a public board to permit a prisoner to be at liberty upon conditions during an unexpired remainder of his term, G. L. c. 127, § 135, has been referred to incidentally although its constitutionality has not been passed upon. *Conlon's Case*, 148 Mass. 168. *Kozlowsky, petitioner*, 238 Mass. 532. Authorities in other jurisdictions uphold the constitutionality of parole statutes. *State* v. *Duff*, 144 Iowa, 142. *People* v. *Joyce*, 246 Ill. 124, 132–137. *State* v. *Peters*, 43 Ohio St. 629. *Woods* v. *State*, 130 Tenn. 100. As to suspended sentences, see *Mariano* v. *Judge of District Court of Central Berkshire*, 243 Mass. 90.

These decisions go far toward settling the question here at

issue. The principle on which they rest is that existing pertinent statutes are read into and made a part of the sentence imposed by the court. The definition of crimes and the establishment of penalties therefor, so far as not left to the common law, belong to the Legislature. The trial of those charged with crime and the imposition of sentences upon those convicted are a part of the functions of courts. The execution of sentences according to standing laws is an attribute of the executive department of government. This is in conformity to the sharp and strict separation of the legislative, the executive and the judicial departments of government in article 30 in our Declaration of Rights.

The proceeding under which the petitioner was sentenced to the industrial school at Shirley is wholly prescribed by statute. It is a prosecution for crime; yet is designed in no small part to reform the minor, to wean him from criminal tendencies and to enable him to become a useful citizen. It would frustrate this general humanitarian scheme for the administration of the industrial school for boys if those not responsive to the reformative methods of the school must continue there in association with other boys yielding to its influences. Manifestly it would be within the power of the Legislature to provide for the segregation of such refractory inmates. There hardly could be question that in appropriate buildings more rigorous treatment and closer confinement might be provided for such inmates as a part of the regular course of the school. No substantial reason is perceived why such segregation may not be accomplished also by transfer to another State institution adapted to the needs of such inmates. There is no constitutional prohibition against reasonable enactments by the Legislature correlating the reformatory and penal institutions of the Commonwealth so as to render them to a certain extent a unified system and to prevent unnecessary duplication of buildings or administration. The Legislature may also, in the exercise of the police power and to promote the general welfare, enact reasonable laws for the transfer of those confined for crime from one of its institutions to another. This power has been exercised without question for many years.

St. 1866, c. 198, § 6. St. 1879, c. 294, §§ 3, 4, 5. St. 1884, c. 255. St. 1885, c. 35. G. L. c. 127, §§ 97 – 120, both inclusive.

As penalty for the crime to which the petitioner pleaded guilty he might have been sentenced in the first instance to the Massachusetts Reformatory at Concord. He was in truth sentenced to the Industrial School for Boys. There was, however, incorporated into that sentence, as an integral part, the condition that if he proved unmanageable or unfit for the mild treatment of the industrial school, he might be transferred by the proper executive officers to the Massachusetts Reformatory. That is the effect of G. L. c. 120, § 16. That provision was as much a part of the sentence as if it had been extended at length on the record of the court. It follows that the differences between the industrial school and the reformatory in management or character, whatever they may be, are of no consequence in this connection. Confinement in each was affixed by the statute as a penalty for the crime to which the defendant pleaded guilty. Both institutions were within the purview of the sentence actually imposed.

The determination of the question whether the petitioner after his sentence was "unmanageable or an improper person" longer to remain at the industrial school is not necessarily judicial in nature. It stands on the same footing as the decision of numerous questions touching the discipline of inmates of reformatory or penal institutions. It was administrative in its essence. It was not an interference with, but a part of, the sentence imposed by the court. It was not a delegation of judicial powers to an administrative board. The transfer of the petitioner from the industrial school to the reformatory was not an infringement of the powers of the judiciary. It was not a new, substituted, changed or additional sentence, because the liability to such transfer upon specified conditions was a part of the original sentence. There was no violation of due process of law.

The statute and the transfer of the petitioner under it, not being a change in sentence, do not offend against anything said in Opinion of the Justices, 14 Mass. 472. They are

not contrary to the constitutional mandate for the strict separation of executive, legislative and judicial powers found in art. 30 of the Declaration of Rights of our Constitution. *Boston* v. *Chelsea,* 212 Mass. 127, 128. *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95, 115, 116. They do not interfere with the execution of the sentence of the court because they are a part of that sentence. *Opinion of the Justices,* 201 Mass. 609, 612. For the reasons already stated they do not constitute an added or greater sentence and are not in conflict with *Sennott's Case,* 146 Mass. 489, 493, or *Minor* v. *United States,* 157 C. C. A. 48; *S. C.* 244 Fed. Rep. 422.

The statute G. L. c. 120, § 16, rightly interpreted, does not interfere with any constitutional right secured to the petitioner. The transfer of which he complains was in conformity to the law and the Constitution.

These conclusions are conformable to reason and find support in the authorities. *Opinion of the Justices,* 13 Gray, 618. *Stagway* v. *Riker,* 55 Vroom, 201. *In re Murphy,* 62 Kans. 422. *Miller* v. *State,* 149 Ind. 607, 610, 622. *State* v. *Wolfer,* 119 Minn. 368. *King* v. *Grant,* Quincy, 326. *State* v. *Peters,* 43 Ohio St. 629, 648, 649. *In re Hartwell,* 1 Lowell, 536. *Cassidy, petitioner,* 13 R. I. 143. *Rich* v. *Chamberlain,* 104 Mich. 436. *In re Linden,* 112 Wis. 523. *O'Brien* v. *Barr,* 83 Iowa, 51. *In re Canary,* 116 Wash. 569.

·*Petition dismissed.*