## CHESTER FRANCIS RENNICK
vs.
## RALPH H. WALKER, WARDEN

Superior Court      Hartford County      File #54497

Present: Hon. JOHN RUFUS BOOTH, Judge.

C. F. Rennick, pro se.

The Warden, pro se.

**MEMORANDUM FILED OCTOBER 20, 1936.**

BOOTH (JOHN RUFUS), J. On June 13, 1933, the petitioner was convicted by the Superior Court at Litchfield of two criminal offenses, that described in the first count of

the information being the crime of breaking and entering, and that described in the second count thereof being the theft of an automobile.

The sentence imposed was that he be imprisoned in the State Prison and there kept for and during the term of not less than one year and not more than five years on the first count, and three years on the second count.

Since the date of conviction the petitioner has been confined in accordance with the above sentence.

One of the petitioner's claims is that while the information charged the date of the commission of the aforesaid offenses as being in the year 1930, it contained no specification concerning the month or day upon which they were committed.

Each of the charges against the petitioner was based upon statutes which provide a State Prison penalty. The limitation for prosecution under these statutes is found in **Section 6559 of the General Statutes,** which limitation is five years after the offenses shall have been committed. It is not necessary in criminal prosecutions that the criminal acts be proved to have been committed on the precise day laid in the information. It is competent to prove their commission on any day prior to the filing of the information and within the statute of limitation. **State vs. Francis, 81 Conn. 97.**

The information in this case was filed sometime before June 13, 1933. Therefore, both charges were filed within the time limited for the prosecutions. Such being the situation, the proof of the State concerning the time of the commission of the offenses would be sufficient provided such date was within five years prior to June 13, 1933. It is apparent that such was the case. The fact that this date was specified to have been in the year 1930 without indicating the day or month in such year gave to the petitioner the right under **Section 302 of the Practice Book** to move for a more particular statement concerning such date, but as he apparently made no request for such at the time of trial he would be deemed to have waived such right. In any event the absence of such particular statement forms no basis for his release on a writ of habeas corpus.

Another of the petitioner's claims is that his conviction under the first count was based upon **Section 6096 of the**

**General Statutes,** which provides a maximum penalty of four years imprisonment and that as the maximum penalty actually imposed upon this count was five years the entire sentence was void. He further claims that such situation provides him the right to be released from further imprisonment by virtue of a writ of habeas corpus.

While it is true that the section of the statute referred to does limit the penalty provided therein to a period of four years imprisonment, and while it is likewise true that the penalty imposed upon the first count exceeded such limit, the entire sentence is not void as claimed, nor is the petitioner entitled to the relief sought. An examination of the authorities discloses that while some support the view extended by the petitioner, the better rule seems to be that where a court has jurisdiction of the person and of the offense the imposition by mistake of a sentence in excess of what the law permits is within the jurisdiction and does not render the sentence void but only voidable by proceedings upon a writ of error. **Sennots Case, 146 Mass. 489-492; Stalker Petition, 167 Mass. 11; 16 C. J. 1312.** In the case of **Leifert vs. Turkington, 115 Conn. 600,** it was decreed that a sentence which imposes a punishment in excess of the power of the court is not necessarily void in toto, but is valid when severable to the extent that the court had power to impose it, although void as to the excess; and if the sentence is severable the prisoner should not be discharged on habeas corpus until he had served the valid part of his sentence.

While in the above mentioned case the principle enunciated is based upon the severable character of the sentence imposed, this feature is not necessarily determinative thereof. The real question involved is whether the court had jurisdiction to impose a sentence of the kind imposed, because a sentence of a different character than that authorized by law to be imposed for the crime of which the accused has been found guilty is void, while a sentence which imposes the statutory kind of punishment is not absolutely void, although excessive. In the former case the entire punishment is invalid while as to the latter the excessive portion is alone erroneous and not void in such a sense as to be available on habeas corpus, at least until after the valid portion of the judgment has been executed. **In re Fanton, 55 Neb. 703; 29 C.J. 49-50.** In the present case the court had jurisdiction of the person of

the petitioner and of the subject matter of his offenses and the judgment rendered upon both counts was of the kind authorized by statute. It quite legally specified a sentence of three years on the second count. It also quite legally specified that the minimum of not less than one year be imposed upon the first count and might legally have specified as a maximum period thereon a term of four years. Had this been done the period of imprisonment would legally have imprisoned the petitioner for a term of not less than one nor more than seven years on both counts. Instead, however, the court specified as a maximum on the first count a period of five years, thus extending the total maximum to eight years. The action of the court insofar as such extension of one year is concerned was clearly erroneous, but this portion of the sentence however is severable from that which was legally imposed, therefore, its severance would leave as a balance a total of not less than one nor more than seven years. Thus far the petitioner has served less than one-half of such maximum sentence. In any event the excessive portion of such sentence was alone erroneous and the petitioner would not be entitled to release on habeas corpus proceedings until he had served so much of the same as was legal. **U. S. vs. Pridgeon, 153 U. S. 48.**

In view of the foregoing there is no proper foundation for the writ of habeas corpus in this case at the present time and the writ as filed is hereby denied and the petitioner is remanded to the custody of the respondent to be proceeded against according to law.