[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mechanics lien placed on the premises by the plaintiff for work done in connection with the construction of a septic system for which the plaintiff was to be paid the sum of $9,500.00. An affidavit of debt was filed by the plaintiff claiming that $9,500.00 together with an additional $2,185.00 of interest. The lien filed on the land records indicated interest was claimed on the debt.
The issue before the court concerns whether interest may be charged pursuant to the provisions of 37-3a at the statutory rate of 10% for wrongful detention of money as the plaintiff claims or whether the plaintiff is limited to the amount of mechanics lien debt by terms of the mechanics lien statute 49-36 (a) which provides that "no mechanic's lien may attach . . . in favor of any person, to a greater amount in the whole than the price which the owner agreed to pay. . . ." The plaintiff claims that because the defendant interposed no defense concerning the validity of the debt or its amount nor is any defense disclosed by the defendants counsel that therefore the defendants cannot argue that the balance due the plaintiff has not been a "detention of money after it becomes payable." Plaintiff further claims that failure to award statutory interest at the rate of 10% pursuant to 37-3a of the Connecticut General Statutes would be unfair because that statute was instituted to protect creditors and assure that debtors would pay a sum justly due in a timely fashion. Plaintiff further asserts the failure to apply 37-3a would prejudice the plaintiff since two years have lapsed since the money was due and in effect the defendant should not receive an interest free loan at the plaintiff's expense. The court agrees.
The defendants argue that a mechanics lien is not an agreement between the parties but a lien which the plaintiff CT Page 10107 seeks to foreclose and thereby take by force of law the land on which the lien lies. City Iron Works, Inc. v. Frank Badsteubner Post 2090, 22 Conn. App. 230. The defendants further argue that a mechanics lien must be strictly construed because it is a creature of statute and that according to that rubric since it may not attach under 49-36a of the Statutes "to a greater amount" than "the price under which the owner agreed to pay", the lien may not include interest in excess of that agreed price. They further cite an unreported Superior Court Decision in the matter of Glenhaven Development Corp. v. Yunger Architects (1989) Docket No. CV88-0097845
The defendants cite a Superior Court case, Glenhaven Development Corp v. Yunger Architects, 4 CSCR 261 (1980) for the propositions that "The original lien cannot include interest," and "The lien cannot be increased by anticipated pre-judgment interest." What Glenhaven actually said in that case was "that prejudgment interest is discretionary with the court at time of trial." Glenhaven, 4 CSCR at 262. The issue in Glenhaven revolved around whether a lien had been inflated by the lienor and, if so, whether the reduction should include the stopping of interest claimed. On those facts, it is entirely possible that the court felt the balance of equities tilted against the awarding of interest, since it appeared the lienor had overvalued his claim by 400%. 4 CSCR at 262.
The award of interest on a mechanics lien has been explicitly approved by the Supreme Court in General Electric Supply Co. v. Southern New England Telephone Co., et al,185 Conn. 583, 604-06 (1981), upholding a trial court's holding that:
 the lienors were entitled to interest from the time that their debts became due and payable, in 1975. Although it recognized the bona fides of the defendants' refusal to pay, the court nevertheless concluded that the defendants' retention of the moneys owed to the lienors was unlawful and thus wrongful. Invoking the general rule that the demands of justice in each case should determine the award of interest; see Scribner v. O'Brien, Inc., 169 Conn. 389, 405-406, 363 A.2d 160 (1975); Cecio Bros., Inc. v. Feldman, 161 Conn. 265, 274-75, 287 A.2d 374
(1971); the court determined that the prevailing parties were entitled to be paid when they filed their liens.
Not only is the award of interest within the court's discretion, but retention of money owed need not be an act of bad faith for interest on the debt to be awarded. In General Electric the defendant had a viable constitutional issue which it sought to have adjudicated, i.e., that the Connecticut mechanics lien statute was void as a violation of due process. But the Supreme Court held that the "bona fides" of this claim was not a sufficient reason to refuse the plaintiffs the interest properly attaching to their claim.
The court finds the valuation of the premises to be $450,000.00 breaking down $225,000 for land and $225,000 for buildings and improvements.
The debt is found to be $9500.00 principal together with interest at the rate of 10% per cent per annum from August 3, 1988 to the date of this judgment in the amount of $2209.40.
Foreclosure by sale is ordered in accord with the order of even date herewith.
FLYNN, JUDGE
CT Page 10108